Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
NEWMAN LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190

Stevan H. Lieberman (pro hac vice forthcoming)
*stevan@aplegal.com*
GREENBERG & LIEBERMAN
1775 Eye Street NW Suite 1150
Washington, DC 20006
Phone: (202) 625-7000
Facsimile: (202) 625-7001

Counsel for Plaintiff
Topical Branding LLC

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPICAL BRANDING LLC, a California Limited Liability Company,<br>　　　Plaintiff,<br>v.<br>ADAM AMBRUSO, an individual, and THE YOUNGER GROUP LLC, a Wyoming Limited Liability Company,<br>　　　Defendant. | Case No. 2:25-cv-03047<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Topical Branding LLC hereby alleges as follows against Defendants Adam Ambruso and The Younger Group, LLC:

## INTRODUCTION

1. This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); fraudulent procurement of a trademark registration under 15 U.S.C. § 1120; cancellation of a trademark registration under 15 U.S.C. § 1119; common law fraud; tortious interference with business relationships; and an accounting. These claims all arise from Defendants' wrongful registration and use of the "YOUNGER" trademark ("YOUNGER Mark") and their interference with Plaintiff's legitimate, long-established use of that Mark.

2. Plaintiff has invested significant time, money, and effort in the YOUNGER brand and its online presence, including the purchase and use of Younger.com. Plaintiff first sold a YOUNGER-branded product in or about June 2018 (the C+E Ferulic Serum), including sales to a brick-and-mortar client; listed products using the Mark on Amazon by July 2018, and launched the Younger.com online store by December 2018.

3. Defendants, by fraudulently obtaining a U.S. trademark registration for the YOUNGER Mark, submitting false specimens to the U.S. Patent and Trademark Office ("USPTO"), and then lodging wrongful infringement notices to Amazon that resulted in a mass delisting of Plaintiff's products, have caused Plaintiff significant, ongoing harm.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

5.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

6.  Personal jurisdiction is appropriate here because both defendants reside California, Defendants have engaged in acts directed at this District, transacted business in this District, or otherwise have sufficient contacts such that exercising jurisdiction is appropriate.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) because both defendants reside in Westlake Village, California, which is located in this judicial district. Also, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## THE PARTIES

8.  Plaintiff Topical Branding LLC is a California limited liability company with its principal place of business in Pasadena, California. The sole member and manager of Plaintiff is third party Cameron Preston, a citizen of California with domicile in Pasadena, California 91107. He is the owner and operator of the skincare business located at Younger.com, offering skincare products under the YOUNGER Mark.

9.  Defendant Adam Ambruso is an individual who is a citizen of the state of California domiciled in Westlake Village, California. At all relevant times, Mr. Ambruso acted individually and/or through one or more entities he owns or controls, including Defendant The Younger Group, LLC.

10. Defendant The Younger Group, LLC is a Wyoming limited liability company with its principal place of business in Westlake Village, California, and a mailing address in Sheridan, Wyoming. Mr. Ambruso owns and/or controls this entity from Westlake Village, California.

# FACTUAL BACKGROUND

**A.  Plaintiff's YOUNGER Brand and Use in Commerce**

11. Early Use (June 2018): In or about June 2018, Plaintiff first sold a YOUNGER-branded cosmetics and skincare product (the C+E Ferulic Serum) in commerce, including a sale to a brick-and-mortar client. The receipt from that sale dated May 18, 2018 is attached hereto as **Exhibit A**.

12. Expansion to Amazon (July 2018): By July 2018, Plaintiff had listed YOUNGER-branded products on Amazon.

13. Younger.com (December 2018): By December 2018, Plaintiff had a functional online store operating at Younger.com, enabling customers to purchase YOUNGER-branded products.

14. Since then, Plaintiff has maintained continuous sales, marketing, and customer reviews on Amazon and through Younger.com.

15. Adam's Letter Acknowledging No Involvement: In January 2020, Defendant Ambruso acknowledged in an email that he was not an owner of Younger.com. A copy of that email is attached hereto as **Exhibit B**.

**B.  Defendants' Fraudulent Registration of the YOUNGER Mark**

16. Defendants filed an application for the YOUNGER Mark with the USPTO on or about November 9, 2020 (U.S. Serial No. 90308013), which issued as U.S. Registration No. 6635918 on February 8, 2022, covering "Cosmetic creams for skin care."

17. Defendants falsely claimed they first used the YOUNGER Mark in commerce on January 1, 2019, even though Plaintiff's first commercial use (June 2018) and Amazon listings (July 2018) predated this alleged date of first use.

18. Upon information and belief, Defendants submitted fabricated or unauthorized specimens to the USPTO, sometimes displaying content from

Plaintiff's Younger.com site or referencing a different site that did not exist as of the alleged date of first use.

19. These false statements and submissions to the USPTO constitute fraud under 15 U.S.C. § 1120, rendering Defendants' registration invalid and subject to cancellation under 15 U.S.C. § 1119.

C. **Defendants' Interference with Plaintiff's Business on Amazon**

20. After fraudulently obtaining the trademark registration, Defendants initiated wrongful infringement complaints on Amazon, claiming Plaintiff's legitimate YOUNGER-branded listings infringed their mark.

21. Amazon Policy Warnings: As a result, Amazon sent multiple policy-violation notices and at-risk deactivation warnings to Plaintiff. True and correct copies of these notices are attached as **Exhibits C, D, E, F, G, H, and I**.

22. Due to these complaints, Plaintiff experienced a "mass delisting" of YOUNGER-branded products on Amazon, losing customer reviews, sales, and goodwill. Plaintiff has suffered and continues to suffer significant harm from these wrongful takedowns.

23. Plaintiff repeatedly attempted to resolve the dispute amicably, but Defendants refused to retract their complaints or correct their misrepresentations.

D. **Additional Damages and Lost Sales (from "Cameron Sales and Investment Overview")**

24. In addition to losing access to Amazon, Plaintiff has also lost significant monthly revenue and investment due to Defendants' actions, as detailed in the "Cameron Sales and Investment Overview." Specifically, Plaintiff estimates a loss of approximately $35,000–$45,000 in monthly sales, equating to approximately $35,000 in monthly profit, that he can no longer realize because his listings remain deactivated.

25. Before the wrongful takedowns, Plaintiff was running regular advertising campaigns and monthly video promotions featuring his Trilumination product. These efforts ceased in or around June 2024 because there was no point in advertising a product that Amazon had removed. This lapse in promotion has further harmed Plaintiff's brand recognition and direct consumer engagement.

26. Plaintiff also prepaid an influencer for six promotional videos at $5,000 per video (totaling $30,000). Because the product listings were taken down, these influencer videos cannot be deployed, rendering the entire $30,000 investment unusable.

27. Plaintiff additionally invested $15,000 in new containers and packaging, which cannot now be sold or used because the key product listings are offline. He likewise has approximately $25,000 worth of product inventory on hand that he is unable to sell through his primary sales channel, Amazon, further compounding his losses.

28. Moreover, Amazon has expressly threatened to deactivate Plaintiff's seller account entirely due to repeated claims and complaints lodged by Defendants. If that occurs, Plaintiff would be permanently prohibited from creating a new seller account under Amazon's policy, effectively cutting off the primary channel through which he has historically conducted sales.

29. Plaintiff also receives ongoing inquiries from former customers or potential buyers who search for the YOUNGER products on Amazon, only to find them unavailable. This results in lost sales, brand confusion, and reputational damage.

30. Altogether, these lost sales, unrecoverable marketing costs, at-risk inventory, and potential permanent deactivation of Plaintiff's Amazon seller account constitute severe and irreparable harm, for which Plaintiff seeks immediate judicial relief in the form of a preliminary injunction.

## CLAIMS FOR RELIEF

### COUNT I

### Trademark Infringement (15 U.S.C. § 1114)

31. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

32. Plaintiff owns valid and enforceable common law rights in the YOUNGER Mark through continuous use in commerce since at least June 2018. Plaintiff's rights precede Defendants' alleged first use (January 2019).

33. By wrongfully obtaining a federal registration for the YOUNGER Mark and enforcing it against Plaintiff, Defendants are causing a likelihood of confusion among the public as to the source or sponsorship of Plaintiff's goods. This constitutes trademark infringement under 15 U.S.C. § 1114.

34. Defendants' conduct has harmed Plaintiff's reputation, sales, and business relationships. Plaintiff is entitled to preliminary and permanent injunctive relief; compensatory, actual, special, and punitive damages; and such other relief as the Court deems just, including Defendants' profits and reasonable attorneys' fees and costs of suit, in an amount to be proven at trial but in no event less than $500,000.

### COUNT II

### Unfair Competition & False Designation of Origin (15 U.S.C. § 1125(a))

35. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

36. Defendants' use and enforcement of the YOUNGER Mark—despite knowing and acknowledging Plaintiff's senior use—falsely suggests that Defendants are the rightful owners or that Plaintiff's use is unauthorized. This false designation of origin violates 15 U.S.C. § 1125(a).

37. Defendants' conduct has harmed Plaintiff's reputation, sales, and business relationships. Plaintiff is entitled to preliminary and permanent injunctive relief; compensatory, actual, special, and punitive damages; and such other relief as the Court deems just, including Defendants' profits and reasonable attorneys' fees and costs of suit, in an amount to be proven at trial but in no event less than $500,000.

## COUNT III

**Fraudulent Procurement of Trademark Registration (15 U.S.C. § 1120)**

38. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

39. Defendants knowingly submitted false statements and specimens to the USPTO regarding their first use of the mark and the authenticity of their specimens.

40. These misrepresentations were material to the USPTO's decision to register the YOUNGER Mark. By fraudulently obtaining the registration, Defendants have caused Plaintiff to suffer significant damages, including lost sales and lost brand goodwill due to Amazon takedowns.

41. Defendants' conduct has harmed Plaintiff's reputation, sales, and business relationships. Plaintiff is entitled to preliminary and permanent injunctive relief; compensatory, actual, special, and punitive damages; and such other relief as the Court deems just, including Defendants' profits and reasonable attorneys' fees and costs of suit, in an amount to be proven at trial but in no event less than $500,000.

## COUNT IV

**Cancellation of the Fraudulently Obtained Registration (15 U.S.C. §§ 1119, 1064)**

42. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

43. Because Defendants' YOUNGER registration (U.S. Reg. No. 6635918) was obtained by fraud, it is invalid. Under 15 U.S.C. §§ 1119 and 1064, Plaintiff is entitled to an order canceling that registration.

44. Plaintiff requests that this Court order the USPTO to cancel the registration and preliminarily and permanently enjoin Defendants from claiming exclusive rights based on that registration.

## COUNT V

## Common Law Fraud

45. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

46. Defendants made false statements about their ownership and first use of the YOUNGER Mark to third parties (including Amazon and the USPTO), intending that Amazon would rely on these misstatements and remove Plaintiff's legitimate listings.

47. Plaintiff was harmed by third parties' reliance on these misrepresentations, losing revenue, customer reviews, and goodwill. Defendants made the misrepresentations maliciously, knowing they were false or with reckless disregard for the truth.

48. Defendants' conduct has harmed Plaintiff's reputation, sales, and business relationships. Plaintiff is entitled to preliminary and permanent injunctive relief; compensatory, actual, special, and punitive damages; and such other relief as the Court deems just, including Defendants' profits and reasonable attorneys' fees and costs of suit, in an amount to be proven at trial but in no event less than $500,000.

## COUNT VI

### Tortious Interference with Business Relationships

49. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

50. Plaintiff had valid business relationships and expectancies with Amazon and with retail customers. Defendants knew of these relationships and intentionally interfered with them by sending false infringement complaints, causing Amazon to delist Plaintiff's products.

51. Defendants' interference was unjustified and intentional and directly caused Plaintiff to suffer significant harm, including loss of sales, damage to brand reputation, and loss of customer relationships.

52. Defendants' conduct has harmed Plaintiff's reputation, sales, and business relationships. Plaintiff is entitled to preliminary and permanent injunctive relief; compensatory, actual, special, and punitive damages; and such other relief as the Court deems just, including Defendants' profits and reasonable attorneys' fees and costs of suit, in an amount to be proven at trial but in no event less than $500,000.

## COUNT VII

### Accounting

53. Plaintiff repeats and re-alleges each preceding paragraph as though fully set forth herein.

54. By virtue of the wrongful acts described above—including the fraudulent registration, the trademark infringement, and the misrepresentations made to Amazon—Defendants have derived unlawful profits and benefits at Plaintiff's expense.

55. The exact amount of such profits and benefits is unknown to Plaintiff and cannot be ascertained without a detailed accounting of Defendants' records,

including revenues derived from any sales under or in connection with the YOUNGER Mark.

56. Plaintiff therefore requests that the Court order a full accounting of Defendants' revenues and profits derived from their wrongful acts so that the amounts due and owing to Plaintiff may be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

**A. Injunctive Relief:** A preliminary and permanent injunction enjoining Defendants and their agents from using or enforcing rights in the YOUNGER Mark that would interfere with Plaintiff's senior rights, including lodging wrongful notices to Amazon or any other marketplace.

**B. Cancellation of Registration**: An order under 15 U.S.C. §§ 1119, 1064 directing the USPTO to cancel U.S. Reg. No. 6635918 for "YOUNGER."

**C. Damages:**
1. Defendants' profits derived from their wrongful conduct;
2. Plaintiff's actual damages, including lost profits;
3. Treble damages under 15 U.S.C. § 1117 where appropriate;
4. Actual or compensatory damages for fraudulent procurement under 15 U.S.C. § 1120; and
5. Punitive damages.

**D. Accounting:** An order requiring Defendants to provide a full and complete accounting of all revenues, sales, and profits derived from any and all uses of the YOUNGER Mark or any variations thereof.

**E. Attorneys' Fees & Costs:** Award of reasonable attorneys' fees and costs under 15 U.S.C. § 1117 and/or other applicable authority.

**F. Further Relief:** Such other and further relief as the Court deems just and proper.

Dated: April 7, 2025

Respectfully submitted,

/s/ Derek Newman
Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
Newman LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190


/s/ Stevan H. Lieberman
Stevan H. Lieberman (pro hac vice forthcoming)
*stevan@aplegal.com*
Greenberg & Lieberman
1775 Eye Street NW Suite 1150
Washington, DC 20006
Phone: (202) 625-7000
Facsimile: (202) 625-7001

*Counsel for Plaintiff*

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Topical Branding LLC demands a trial by jury of all issues presented in this Complaint which are so triable.

Dated: April 7, 2025

Respectfully submitted,

/s/ Derek Newman
Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
Newman LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190


/s/ Stevan H. Lieberman
Stevan H. Lieberman (pro hac vice forthcoming)
*stevan@aplegal.com*
Greenberg & Lieberman
1775 Eye Street NW Suite 1150
Washington, DC 20006
Phone: (202) 625-7000
Facsimile: (202) 625-7001

*Counsel for Plaintiff*